◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARRED KNIGHT, Appellant. [923 NYS2d 111]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered November 20, 2008, as amended January 7, 2009, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of one year, unanimously affirmed.

The court properly replaced a sworn juror with an alternate. Although defendant objected to discharging the juror, he did not preserve his claims that the court made insufficient inquiry, applied the wrong standard and failed to make the requisite findings (*see People v Wynn*, 35 AD3d 283, 284 [2006], *lv denied* 8 NY3d 928 [2007]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The record establishes that the juror was "unavailable for continued service" (CPL 270.35 [1]). In making such a determination, a court may consider whether continued service would cause a juror "compelling hardship, rather than mere inconvenience" (*People v Belgrave*, 172 AD2d 335, 336 [1991], *lv denied* 78 NY2d 962 [1991]). The juror described extraordinary work-related problems that were sufficient to meet this standard.

Furthermore, the record also indicates that the juror was "grossly unqualified to serve" (CPL 270.35 [1]). That standard is met "when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Buford*, 69 NY2d 290, 298 [1987]). Here, the juror never expressly stated that his difficulties would affect his ability to reach an impartial verdict. However, his statements support a fair inference that his circumstances would have affected his ability to concentrate on jury service.

Moreover, aside from the juror's extraordinary circumstances, the juror also had a pressing medical situation involving his wife. That commitment alone would most likely have delayed the trial by at least a half day, and possibly a full day. "The Court of Appeals has held that the 'two-hour rule' gives the court broad discretion to discharge any juror whom it determines is not likely to appear within two hours" (*People v Kimes*, 37 AD3d 1, 24 [2006], *lv denied* 8 NY3d 881 [2007], citing *People v Jeanty*, 94 NY2d 507, 517 [2000]). Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.