Judgment, Supreme Court, New York County (Arlene D. Goldberg, J), rendered July 7, 2012, as amended July 24, 2012, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 21/z to 5 years, unanimously affirmed.
The verdict was not against the weight of the evidence. The evidence established the operability of the gravity knife at issue within the meaning of the statute (see Penal Law § 265.00 [5]). An officer who tested the knife described the manner in which it operated, and also demonstrated its operability in court (see People v Neal, 79 AD3d 523, 524 [1st Dept 2010], lv denied 16 NY3d 799 [2011]; People v Birth, 49 AD3d 290 [1st Dept 2008], lv denied 10 NY3d 859 [2008]).
The court properly instructed the jury that the knowledge element would be satisfied by proof establishing defendant’s knowledge that he possessed a knife in general, and did not require proof of defendant’s knowledge that the knife met the statutory definition of a gravity knife (see Neal, 79 AD3d at 524; People v Berrier, 223 AD2d 456 [1st Dept 1996], lv denied 88 NY2d 876 [1996]).
After sufficient inquiry, the court properly determined that a deliberating juror was not “grossly unqualified” (CPL 270.35 [1]), and it properly exercised its discretion in declining to discharge the juror, a remedy that would have necessitated a mis *518 trial under the circumstances. The juror expressed a concern about the fact that she lived in the same area where, according to defendant’s testimony, his former girlfriend resided. However, upon further questioning, the juror unequivocally confirmed that she would follow the court’s instructions, and that her proximity to defendant’s ex-girlfriend’s residence would not affect the juror’s evaluation of the evidence. Thus, the record supports the conclusion that there was no basis to disqualify the juror (see People v Mejias, 21 NY3d 73, 79 [2013]; People v Buford, 69 NY2d 290, 298-299 [1987]). Defendant did not preserve his challenges to the manner or sufficiency of the court’s inquiry of the juror (see People v Ocasio, 258 AD2d 303 [1st Dept 1999], lv denied 93 NY2d 975 [1999]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The record does not support defendant’s assertions that the court’s manner of questioning was coercive, or that the juror displayed fear and anxiety that required further inquiry.
We perceive no basis for reducing the sentence. Concur— Tom, J.E, Friedman, Renwick, Feinman and Clark, JJ.