Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered April 7, 2010, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, criminal possession of a forged instrument in the second degree *600 and unlicensed driving, and sentencing him, as a second felony offender, to an aggregate term of 3V2 to 7 years, unanimously affirmed.
The court did not deprive defendant of his right of self-representation. Defendant failed to make a clear and unequivocal request to represent himself (see People v McIntyre, 36 NY2d 10, 17 [1974]; People v Ramos, 35 AD3d 247 [1st Dept 2006],lv denied 8 NY3d 924 [2007]), and thus did not express the “definitive commitment to self-representation” (People v LaValle, 3 NY3d 88, 106 [2004]) that would trigger the need for a full inquiry by the court as to whether it should permit him to proceed pro se (compare People v Lewis, 114 AD3d 402 [1st Dept 2014] [defendant unequivocally requested self-representation following denial of request for new counsel]). “So that convicted defendants may not pervert the system by subsequently claiming a denial of their pro se right, the pro se request must be clearly and unconditionally presented to the trial court” (McIntyre, 36 NY2d at 17). Although defendant made remarks that may have suggested that he wanted to represent himself, when the court tried to clarify the situation, defendant made confusing statements such as “I am not an attorney to go pro se.”
The court properly instructed the jury that the knowledge element for possession of a gravity knife would be satisfied by proof establishing defendant’s knowledge that he possessed a knife in general, and did not require proof of defendant’s knowledge that the knife met the statutory definition of a gravity knife (see e.g. People v Parrilla, 112 AD3d 517 [1st Dept 2013]).
Concur—Sweeny, J.E, Renwick, Andrias, Saxe and Kapnick, JJ.