People v Brown (2022 NY Slip Op 02235)

People v Brown

2022 NY Slip Op 02235

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Ind No. 3622/15 Appeal No. 15646 Case No. 2019-5060 

[*1]The People of the State of New York, Respondent,
v
Noel Brown, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at self-representation request; Ann E. Scherzer, J. at speedy trial motion; Robert M. Stolz, J. at suppression hearing, jury trial and sentencing), rendered April 22, 2019, convicting defendant of two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent prison terms of seven years, unanimously affirmed.
The suppression court properly denied defendant's motion to suppress a revolver and other items recovered in the course of an inventory search of a motorcycle that he had been operating with a suspended license. The testimony of the officer who conducted the search established that the search of the motorcycle was conducted pursuant to an established procedure that limited the officer's discretion and ensured that the search was reasonable (see People v Padilla, 21 NY3d 268, 272-273 [2013], cert denied 571 US 889 [2013]; People v Walker, 20 NY3d 122 [2012]). The officers were not required to ask defendant's passenger whether she could take the motorcycle (see id. at 125). The officer's testimony sufficiently described the established procedures for an inventory search as of the time of the search. Defendant did not preserve his claims that the Patrol Guide excerpt admitted at the hearing was not in effect at the time of his arrest and search, or that there was no meaningful inventory list, and we decline to review them in the interest of justice.
Defendant was not deprived of his right of self-representation. He failed to make a clear and unequivocal request to represent himself (see People v LaValle, 3 NY3d 88, 106 [2004]; People v Richards, 118 AD3d 599, 600 [1st Dept 2014], lv denied 24 NY3d 1088 [2014]). Although he began by saying he wanted to proceed pro se, he went on to indicate that he wanted to represent himself for some purposes and be represented by counsel for other purposes. Given defendant's equivocation the court properly denied the application (see People v Diaz, 294 AD2d 225 [1st Dept 2002], lv denied 98 NY2d 767 [2002]).
The court properly denied defendant's speedy trial motion. The motion court correctly excluded the 49-day period from November 30, 2017 to January 18, 2018, which is the only period remaining at issue on appeal. Defendant had been produced in court on October 30, 2017, after a warrant had been issued more than two years earlier. "The People must be given a reasonable time to call their witnesses and arrange for the recommencement of the case after a defendant is involuntarily returned" (People v Muhanimac, 181 AD2d 464, 465-466 [1st Dept 1992], lv denied 79 NY2d 1052 [1992]). Moreover, the record establishes that when defendant was returned on the warrant on October 30, 2017, defense counsel agreed that the November 30 date would only be a control date, rather than a date for hearing and trial.
The court providently exercised its discretion in discharging a sworn juror as "grossly unqualified" (CPL [*2]270.35[1]) before the completion of jury selection. The juror made clear that during the trial he could not avoid working late into the night at his profession, and he would be extremely sleep deprived and unable to concentrate (see People v Wells, 15 NY3d 927, 928 [2011], cert denied 565 US 828 [2011]; see also People v Knight, 84 AD3d 670, 671 [1st Dept 2011], lv denied 17 NY3d 860 [2011]). Defendant did not preserve his claim that before the completion of jury selection the court could only discharge a sworn juror on the grounds set forth in CPL 270.15(3), and we decline to review it the interest of justice. As an alternative holding, we reject it on the merits (see People v Owens, 292 AD2d 218 [1st Dept 2002]). In any event, the juror's situation also constituted an incapacity under CPL 270.15 (see Wells, 15 NY3d at 928).
Defendant's pro se claim of ineffective assistance of counsel is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Although defendant previously filed a CPL 440.10 motion on ineffective assistance grounds, he did not raise any of his present arguments in support of that motion. Accordingly, the merits of the present ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal
standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022