OPINION OF THE COURT
Lee Clary, J.
Defendant has made a motion which in effect seeks inspection of the Grand Jury minutes and dismissal of the indictment. The court grants defendant’s motion to inspect the Grand Jury minutes to the extent that the court has examined a transcript of the Grand Jury minutes and finds there is a sufficiency of evidence to support the crimes charged in counts two, three and four of the indictment.
*758 With respect to the first count of the indictment which charges criminal possession of a weapon in the third degree, defendant asserts that the knife found in his possession is a butterfly or Balisong knife and not a gravity knife as it is referred to in the indictment and therefore said weapons count should be dismissed.
A person is guilty of criminal possession of a weapon in the third degree when having been previously convicted of a crime that person possesses a "gravity knife”, among other dangerous items (Penal Law § 265.02). The Penal Law defines a gravity knife as any knife with a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked into place by means of a button, spring, lever or other device. (Penal Law § 265.00 [5].)
The court has inspected the knife seized from defendant and determined that it is more commonly known as a butterfly or Balisong knife. Such a knife is a folding knife with, a split handle. In the closed position, the knife is covered on each side and at the point by two metal guards attached to the blade’s base. To open the knife, the metal guards are folded back until they meet and are clasped and thereby form a handle for the blade.
For the reasons that follow, it is the court’s opinion that Balisong knives are not proscribed by Penal Law § 265.02. Therefore, defendant’s motion to dismiss the weapons count of the indictment is granted.
First, a Balisong knife is not a gravity knife within the meaning and intent of Penal Law § 265.02. A Balisong knife does not have a blade which is released by the force of gravity or application of centrifugal force. Although a person with the requisite skill can rapidly open a Balisong knife with one hand, the knives do not have blades which open automatically by operation of inertia, gravity or both. (United States v 1,044 Balisong Knives, US Dist Ct, Ore, 1970, Civ No. 70-110.) Since the knife cannot be used until the second handle is manually folded back and clasped, the court finds that it does not open automatically by force of gravity or inertia. (Taylor v McManus, 661 F Supp 11, 15 [ED Tenn 1986].) Furthermore, the blade of a Balisong does not lock into place at the moment it is released as a gravity knife should under its definition. The Balisong knife does not operate automatically since it requires at least two manual operations even after the blade is exposed: *759 (1) grasping and folding the second handle and (2) fastening the clasp which locks the handles together. (Supra, at 15.)
Moreover, it can be reasonably inferred from the specificity with which the law proscribes certain weapons that the Legislature did not intend to outlaw Balisong knives. It is obvious that the Legislature was extremely careful and specific in naming which devices would be unlawful under Penal Law § 265.02 (see, Penal Law § 265.01 [1]). For instance, this statute outlaws such items as "electronic dart gun[s]”, "pilüm ballistic kni[ves]”, and "chuka stick[s]” to mention a few. Precise, thoughtful and thorough planning must have been involved in the drafting of this legislation. Given this type of deliberation, it is unlikely that the Balisong knife was overlooked. Such knives have been in existence for "several hundred years”. (McManus v Taylor, 661 F Supp, supra, at 13.) Undoubtedly, the Balisong was brought to the attention of the Legislature. Had that body desired to outlaw the knife it would have done so by name as it did with the weapons specifically included in the law. Failure to include the Balisong by name indicates an intent on the part of the Legislature not to outlaw the knife.
It should be further noted that the Legislature has on numerous occasions amended the law to include additional weapons. For example, in 1983 the law was rewritten to include the "wrist-brace type slingshot”. In 1982, the Kung Fu star was added to the list. Most recently, the law was amended to include the "pilum ballistic knife” in 1986. The Legislature has continuously had the opportunity to prohibit the possession of Balisong knives, but has chosen not to. This likewise reveals the Legislature’s desire not to outlaw the Balisong.
Defendant’s motion to dismiss the first count of the indictment is therefore granted. Defendant’s motion to dismiss the remaining counts in the indictment is denied.