OPINION OF THE COURT
Eugene L. Nicandri, J.
The District Attorney moves for "reargument” of an appeal previously dismissed by the court on its own motion under 22 NYCRR 200.33. The prior order dated August 19, 1988 dismissed the People’s appeal because the only papers submitted were an affidavit of errors and memorandum of law. No return to the affidavit of errors had been obtained from the Town Justice of the Town of Potsdam. Nor had the People brought on a motion to compel the filing of a return.
In support of the present motion for "reargument”, which the court interprets as a motion to vacate the order of dismissal and to permit further proceedings, the People now *118 submit an affidavit of counsel alleging that the People had no obligation to compel the filing of a return to the affidavit of errors and that the court was, therefore, in error in dismissing the appeal. In addition, in connection with this motion, the People now submit copies of the original information/complaint forms, appearance tickets, notice of motion of defense counsel, affidavit of defense counsel, a copy of a reported decision of the Jefferson County Court in People v Mott (137 Misc 2d 757 [1987]), an answering affidavit of the District Attorney on the lower court motion, an "answer to motion” by the Town Justice, which in effect determined the motion, a notice of appeal and supplemental copies of the affidavit of errors and memorandum of law of the People on appeal.
The Assistant District Attorney on appeal refers to rule 800.14 (f) of the Uniform Rules for Trial Courts (22 NYCRR) as authority for reargument of the appeal. Those rules relate to procedure and practice in the Appellate Division of Supreme Court in the Third Judicial Department, and are not rules affecting all courts within the Third Department. Procedures governing the appeal from a Justice Court criminal case to a County Court as an intermediate court of appeal are contained in 22 NYCRR 200.33 and CPL 460.10. In its discretion and in the interest of justice, the court will entertain this motion and will deem it a motion to vacate the dismissal. The court cannot view the motion as one to reargue the appeal, since the appeal was never perfected and therefore was not arguable in the first place.
The central question presented on the appeal was whether a particular knife allegedly possessed by the defendant was a statutorily prohibited gravity knife, whose possession could result in criminal penalties under the Penal Law, or whether it was a so-called "butterfly” or "balisong” knife which allegedly is not a gravity knife. In the lower court a motion was made to dismiss the charge of possession of a weapon. The defense took the view that the knife in question was a balisong knife and was not a gravity knife. In support of this position, the defense referred the court to People v Mott (137 Misc 2d 757 [Jefferson County Ct 1987], supra) in which that court held that a balisong is not a gravity knife. The lower court in this case apparently found that reasoning persuasive and therefore granted the motion to dismiss the charges against the defendant. The District Attorney’s office appealed from this determination as previously noted.
*119 It is clear from a reading of the Criminal Procedure Law and the rules of court relating to criminal appeals to the County Court, that an appeal to this court is perfected in a case such as this one by having the appellant prepare and file an affidavit of errors, in response to which the lower court files a return. CPL 460.10 (3) (d) requires that the return of the lower court "set forth or summarize evidence, facts or occurrences in or adduced at the proceedings resulting in the judgment, sentence or order, which constitute the factual foundation for the contentions alleged in the affidavit of errors.” Thus, the return of the local Justice serves as a combination of answering brief and record on appeal.
It is self-evident that meaningful appellate review cannot take place unless there are papers relating to the case in its earlier stages for the reviewing court to examine. In this case nothing was before this court except the affidavit of errors by appellate counsel. A careful reading of the statute (CPL 460.10) makes it clear that indeed the appellant is not obligated to bring on a motion to compel the lower court to file a return when it fails to do so. Clearly, the lower court is required to file a return. However, if the appellant fails to remedy the situation by bringing on such a motion, the appellate court is left with nothing meaningful to review. If nothing else, therefore, it is in the interest of appellant to obtain meaningful appellate review by providing the court with all available papers from the proceedings below. This deficiency has been corrected on the present motion.
The substantive issue presented by the appeal is whether or not the knife in question constituted a gravity knife as proscribed by the Penal Law. The lower court held that it did not.
The defendant in the court below is on notice of this motion and has not appeared or responded to the motion.
This court finds that sufficient reason has been shown to vacate the order of dismissal and reinstate the incomplete appellate proceedings. In the current motion the District Attorney’s office seeks an order directing the Town Justice to prepare and file a return in compliance with CPL 460.10 (3) (d). Since the preparation and filing of such return, whatever may be the content of the return, amounts to a procedural condition precedent to perfection of the appeal, this court will enter an order directing the Town Court, Town of Potsdam, to *120 prepare and file a return to the affidavit of errors within 20 days after receipt of this order. The lower court is hereby advised that, in the event of its failure to prepare and file such order within the stated time limit, this court will deem the allegations in the affidavit of errors to be true and will determine the appeal upon that basis.