THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN DOLSON, Appellant.

County Court, Onondaga County, January 23, 1989

APPEARANCES OF COUNSEL

*Frank H. Hiscock Legal Aid Society* for appellant. *Robert E. Wildridge, District Attorney (Anthony J. Gigliotti* of counsel), for plaintiff.

**OPINION OF THE COURT**

J. KEVIN MULROY, J.

On May 31, 1987 the appellant/defendant was arrested for disorderly conduct and criminal possession of a weapon in the fourth degree following an argument with another man in the City of Syracuse. A nonjury trial was held in Syracuse City Court (Brian DeJoseph, J.), at which time he was found not guilty of disorderly conduct, but guilty of possessing a gravity knife in violation of Penal Law § 265.01 (1). Appellant/defendant's sentence has been stayed pending determination of this appeal. This appeal raises the issues of:

(1) Whether the knife which appellant possessed is a gravity knife, as defined by Penal Law § 265.00 (5), and

(2) Whether the maximum six-month sentence imposed by the trial court was unduly harsh and excessive.

Addressing the first issue of whether the knife found on appellant is a gravity knife, Penal Law § 265.00 (5) states that: " 'Gravity knife' means any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device."

The court has inspected the knife seized from appellant, and contrary to what the trial court has concluded and the People argue on appeal, upon a study of the trial transcript, a review of the case law, and a careful reading of the statute, it is clear to this court that the knife in question does not fall within the purview of Penal Law § 265.00 (5).

The knife in question, in the closed position, is covered on each side by two metal and wooden guards attached to the blade's base. After being unlocked by removing the safety lever, the blade can, in fact, be released from its sheath by a flick of the wrist, thereby utilizing centrifugal force to expose the blade, although it is difficult to say whether this was possible when it was new, or whether by alteration or use this has become possible. While this appears to meet the first part of the statutory definition of a gravity knife, an important difference exists here. The blade of the knife recovered from appellant does not lock into place "when released" from its cover.

It appears that very few courts in this State have addressed this issue, but most recently, in *People v Mott* (137 Misc 2d 757), a court excluded from the definition in Penal Law § 265.00 (5) what is termed a Balisong or butterfly knife, when such knives do not "lock into place at the moment it is released as a gravity knife should under its definition" *(People v Mott, supra,* at 758). The knife in that case, much like the one found on appellant, was found not to be a gravity knife because, "it requires at least two manual operations *even after* the blade is exposed: (1) grasping and folding the second handle, and (2) fastening the clasp which *locks* the handles together." *(People v Mott, supra,* at 758-759.)

At trial, defense counsel had the arresting officer demonstrate the "flicking" action which opens the knife blade. In that position, the officer explained to the court, the blade is not locked in place. Contrary to the description given by the

People, in order to lock the blade of this knife in place, the holder would need to follow the two additional steps described in *Mott (supra)*.

Furthermore, when both of the officers who responded to the scene where the defendant was arrested were asked to describe the knife recovered, they both referred to it as a "butterfly knife", not a gravity knife.

In addition, a Federal District Court, in interpreting this statute, stated: "A gravity knife differs from a penknife in that by depressing its button, accompanied by a flicking of the wrist, the blade exits the handle and locks into place. It can be opened and remain so without touching the lock." *(See, United States v Ochs,* 461 F Supp 1, 4 [SD NY 1978].)

Unlike the knife described above, to lock into place the knife recovered from appellant, the user must grasp the second handle and manually push the metal lever into the locked position.

While it is obvious that a knife such as the one recovered from appellant is capable of doing serious harm to an individual, the Legislature took pains to describe and outlaw certain weapons whose potential for quick deployment make them per se too dangerous to possess. Clearly this knife is not such a weapon. The evidence presented at trial failed to demonstrate that the knife in question was a gravity knife, pursuant to Penal Law § 265.00 (5). Therefore, reviewing the record in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), this court finds that the evidence is insufficient to establish a violation of Penal Law § 265.01 (1). Accordingly, the conviction for criminal possession of a weapon in the fourth degree must be reversed *(People v Perez,* 123 AD2d 721). Insofar as the resolution of this issue in favor of the appellant will result in a reversal of his conviction and dismissal of the accusatory instrument, there remains no need for the court to consider the excessive sentencing issue presented by appellant.