■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ZUNIGA, Appellant. [759 NYS2d 86] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered January 10, 2001, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [1]) for possessing what was alleged to be a gravity knife. On appeal, he asserts that the knife he admittedly possessed, what is commonly known as a "butterfly knife," did not fit within the statutory definition of a gravity knife (*see* Penal Law § 265.00 [5]) and thus the evidence was insufficient to sustain his conviction. We agree.

Penal Law § 265.00 (5) defines a "Gravity knife" as a "knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device." We agree with the defendant's contention that a gravity knife, as so defined, requires that the blade lock in place automatically upon its release and without further action by the user.

It is undisputed that the knife the defendant possessed was a type of "butterfly knife" which required manual locking. Thus, it does not come within the definition of a "Gravity knife" as that instrument is defined by Penal Law § 265.00 (5) (*see People v Mott,* 137 Misc 2d 757, 758 [1987]; *People v Dolson,* 142 Misc 2d 779, 780 [1989]). Accordingly, the evidence was legally insufficient to sustain the defendant's conviction on the fourth count of the indictment, which alleged that he possessed a gravity knife in violation of Penal Law § 265.01 (1) (*see People v Perez,* 123 AD2d 721, 722 [1986]; *see generally People v Contes,* 60 NY2d 620 [1983]). Since the defendant was acquitted of the remaining counts alleged in the indictment, it must be dismissed. Altman, J.P., Florio, H. Miller and Adams, JJ., concur.