■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE BEST, Appellant. [869 NYS2d 426]—

In this case of possession of a gravity knife (*see* Penal Law § 265.00 [5]), the court correctly instructed the jury that the knowledge element was defendant's knowledge that he possessed a knife, but not knowledge that the knife met the definition of a gravity knife (*see People v Berrier*, 223 AD2d 456 [1996], *lv denied* 88 NY2d 876 [1996]; *cf. People v Wood*, 58 AD3d 242 [2008]). We have considered and rejected defendant's constitutional challenges to that instruction.

The court properly exercised its discretion when it determined that unspecified expert testimony concerning design and manufacture of knives would not assist the jurors in determining whether the particular knife possessed by defendant had the characteristics of a gravity knife (*see People v Austin*, 46 AD3d 195, 199-201 [2007], *lv denied* 9 NY3d 1031 [2008]; *People v Hall*, 251 AD2d 242, 243 [1998], *lv denied* 92 NY2d 982 [1998]). Defense counsel's vague description of the proposed testimony did not warrant a conclusion that this testimony would have been admissible. The court's proper exercise of its discretion did not violate defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The officer's observation of a clip and part of a knife protruding from defendant's pocket, which he believed to be a gravity knife based on prior experience, provided, at least, a founded suspicion of criminal activity, permitting the officer to make a nonforcible stop and a common-law inquiry. Any body contact between the officer and defendant was minimal and did not constitute a seizure (*see People v Cherry*, 30 AD3d 185 [2006], *lv denied* 7 NY3d 811 [2006]). The officer properly asked if he could see the knife, and defendant consented (*see People v Casimey*, 39 AD3d 228 [2007], *lv denied* 8 NY3d 983 [2007]).

There was nothing constitutionally deficient about the court's interested witness charge concerning defendant's testimony (*see People v Blake*, 39 AD3d 402, 403 [2007], *lv denied* 9 NY3d 873 [2007]). Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.