■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FERNANDEZ, Appellant. [875 NYS2d 472]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, J., at suppression hearing; Gregory Carro, J., at plea and sentence), rendered February 27, 2008, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. We perceive no basis to overturn the hearing court's findings crediting the officer's testimony (see People v Prochilo, 41 NY2d 759, 761 [1977]). The officer, who had extensive experience involving gravity knives, observed the top of a shiny metal knife sticking out of defendant's pants pocket, attached with a clip. According to the officer's testimony, an object bearing this combination of characteristics is at least likely to be a gravity knife, even if the knife's illegal status cannot be determined without testing it. Therefore, we conclude the officer had, at least, reasonable suspicion to believe that defendant possessed an illegal weapon (see People v Snovitch, 56 AD3d 328 [2008];

*People v Carter*, 49 AD3d 377 [2008], *lv denied* 10 NY3d 860 [2008]). Being reasonably concerned for his safety, he properly secured the knife by removing it from defendant's pocket (*see People v Batista*, 88 NY2d 650, 654 [1996]; *People v Benjamin*, 51 NY2d 267, 271 [1980]). Patting down defendant's pocket would have served no useful purpose, since the knife was visible and a pat down would have revealed what the officer already knew. Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.