■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MENDEZ, Appellant. [894 NYS2d 9]—

The arresting officer's observations warranted a common-law inquiry into whether defendant was carrying an illegal gravity knife, but they did not provide reasonable suspicion of criminality warranting a seizure. The officer testified that he saw a portion of a knife handle and a clip on defendant's pocket, leading him to believe that it was a folding knife. When the officer asked defendant "if he had anything on him that he shouldn't have" such as a "knife or a gun," defendant, who was not engaged in any suspicious behavior, said he had a knife. The officer did not see any characteristics of an illegal type of knife, and testified, in essence, that the only reason he suspected the knife might be a gravity knife is that any folding knife could, upon inspection, turn out to be a gravity knife. While the officer could have lawfully asked to see the knife, he lacked reasonable suspicion

justifying a seizure (*compare People v Fernandez*, 60 AD3d 549, 549 [2009] [officer had reasonable suspicion where observed item was "at least likely to be a gravity knife"]). We have considered and rejected the People's remaining arguments. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.