■ The People of the State of New York, Respondent, v Richard Neal, Appellant. [913 NYS2d 192]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J., at suppression hearing; Charles H. Solomon, J., at jury trial and sentence), rendered February 17, 2009, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's suppression motion. We perceive no basis to overturn the hearing court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The officer testified that upon seeing a clip and the top part of the handle of the knife protruding out of defendant's pocket, he believed, based on his training and experience, that more likely than not it was a gravity knife.

The officer, based upon his familiarity with gravity knives, had, at least, a reasonable suspicion to believe that defendant possessed an illegal weapon, justifying a stop (*see People v Herrera*, 76 AD3d 891, 893 [2010]; *People v Fernandez*, 60 AD3d 549 [2009], *lv granted* 15 NY3d 749 [2010]; *People v Snovitch*,

56 AD3d 328 [2008], *lv denied* 11 NY3d 930 [2009]), and reasonable safety concerns warranted the officer's removal of the knife from defendant's pocket. *People v Mendez* (68 AD3d 662 [2009], *lv dismissed* 14 NY3d 842 [2010]) is distinguishable because the officer in that case admitted he did not see any characteristics of an illegal type of knife.

The verdict was supported by sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). According to the evidence, the operability of the knife conformed to the statutory definition of a gravity knife. The officer demonstrated in court that he could open the knife by using centrifugal force, created by flicking his wrist, and the blade automatically locked in place after being released (*see* Penal Law § 265.00 [5]; *People v Birth*, 49 AD3d 290 [2008], *lv denied* 10 NY3d 859 [2008]).

The court properly instructed the jury that defendant need only know that he possessed a knife in general, and did not need to know that the knife met the statutory definition of a gravity knife (*see People v Wood*, 58 AD3d 242, 253 n 5 [2008], *lv denied* 12 NY3d 823 [2009]; *People v Berrier*, 223 AD2d 456 [1996], *lv denied* 88 NY2d 876 [1996]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.