■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HERBIN, Appellant. [927 NYS2d 54]—

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Although defendant's expert testified that the knife possessed by defendant could be opened by pressing a thumb disk, he also testified that he observed the officers release the blade simply by flicking the knife with their wrists, which satisfies the definition of a gravity knife (*see People v Neal*, 79 AD3d 523, 524 [2010]).

Contrary to defendant's claim, the statutory prohibition of possession of a gravity knife (Penal Law § 265.01 [1]; *see also* Penal Law § 265.02 [1] [elevating to felony]) is not unconstitutionally vague. The statute defines a gravity knife as "any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal

force which, when released, is locked in place by means of a button, spring, lever or other device" (Penal Law § 265.00 [5]). This language provides notice to the public and clear guidelines to law enforcement as to the precise characteristics that bring a knife under the statutory proscription (*see People v Stuart*, 100 NY2d 412, 420-421 [2003]).

The court properly exercised its discretion in precluding a physics professor from offering expert testimony concerning the meanings of several physics concepts. The proposed testimony would likely have confused the jury by defining centrifugal force inconsistently with the statutory definition of a gravity knife, and by introducing other physics terms that are not pertinent to the elements of the offense. Moreover, the court adequately instructed the jury as to the definition of a gravity knife such that any technical knowledge outside the ken of the typical juror was unnecessary (*see People v Taylor*, 75 NY2d 277, 288 [1990]).

The court also correctly instructed the jury that, to convict defendant of criminal possession of a weapon in the third degree, it was required to find that he knew he possessed a knife, but did not have to know it was a gravity knife (*see Neal*, 79 AD3d at 524; *People v Best*, 57 AD3d 279, 280 [2008], *lv denied* 12 NY3d 756 [2009]; *see also People v Wood*, 58 AD3d 242, 253 n 5 [2008], *lv denied* 12 NY3d 823 [2009]).

The court properly rejected defendant's other requests for jury instructions. The proposed instructions would have added new elements to the definition of gravity knife. That is the province of the Legislature, not the courts. Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.