[994 NYS2d 229]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEN-
NADY POLONSKY, Appellant.

Supreme Court, Appellate Term, First Department, September 16, 2014

## APPEARANCES OF COUNSEL

*Freeman, Nooter & Ginsberg*, New York City (*Louis M. Freeman* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Emily L. Auletta* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Judgment of conviction, rendered April 3, 2012, reversed, on the law and the facts, and new trial ordered.

Defendant was tried on a charge of attempted criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [1]) based on police allegations that he was observed in a subway station with a gravity knife clipped to his pants pocket. The centerpiece of defendant's trial defense was his contention that the knife in question did not meet the definitional requirements of a gravity knife, in that it did not open "by the force of gravity or the application of centrifugal force" (*see* Penal Law § 265.00 [5]). Defendant's timely request to elicit expert testimony on the operability issue, accompanied by a detailed offer of proof as to the expert's proposed testimony (*cf. People v Best*, 57 AD3d 279, 280 [2008], *lv denied* 12 NY3d 756 [2009]), should have been granted, at least to the extent of allowing defendant's expert to provide explanatory testimony as to the manner of operation of the knife in question (*see and compare People v Herbin*, 86 AD3d 446, 446, 447 [2011], *lv denied* 17 NY3d 859 [2011]). Such opinion evidence was probative of the key issue at trial—whether the subject knife had the characteristics of a gravity knife—a class of weapon fairly described as "esoteric" (*see* Richard A. Greenberg, New York Criminal Law § 33:4 [3d ed 6 West's NY Prac Series 2014])—and, as the trial court itself noted on the record, would not have caused any confusion.

While not central to the result we reach, we note that the better practice would have been to consider defendant's expert opinion motion prior to or during the presentation of the People's case, and not at the conclusion of the evidence at a time when the court had apparently already reached a verdict (*see generally People v Austin*, 46 AD3d 195, 198 [2007], *lv denied* 9 NY3d 1031 [2008]).

Defendant's challenge to the court's suppression ruling is unpersuasive (*see People v Fernandez*, 16 NY3d 596, 601-602 [2011]).

SCHOENFELD, J.P., SHULMAN and HUNTER, JR., JJ., concur.