THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAKAI SMITH, Appellant. [4 NYS3d 119]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered March 6, 2013, convicting him of criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On July 15, 2011, at approximately 2:15 a.m., police officers received a report of a fight involving a stabbing. The driver of a taxicab (hereinafter the driver) reported to the police that his cab had been stolen by a participant in that fight, and gave a description of the thief. Approximately an hour later and half a mile away, police officers saw the defendant, who met that description, entering another cab. The officers approached that cab while it was stopped at a red light. As the officers approached, they saw the defendant duck down in the backseat and attempt to reach for a knife that was clipped to his belt on the outside of his clothing. The officers directed him to stop reaching for the knife and to step out of the car, but the defendant refused to comply. The defendant struggled with the officers as they removed him from the vehicle. They restrained him, searched him, and removed the knife and other items in his possession. An officer immediately opened the knife and determined that it was a "gravity knife" (Penal Law §§ 265.00 [5]; 265.01). Minutes later, the driver identified the defendant as the person who drove off in his cab.

Contrary to the defendant's contention on appeal, the general description of the perpetrator given by the driver, which matched the description of the defendant, as well as the proximity in time and location to the crime scene, gave the police officers reasonable suspicion of criminal activity which justified their approach to the vehicle in which the defendant was riding while it was stopped at a red light (see People v Ocasio, 85 NY2d 982, 984-985 [1995]; Matter of Kareem J., 111 AD3d 637, 638 [2013]). Further, based on their observations of the defendant's behavior as they approached the vehicle, his failure to cooperate with their instructions, and the dangerous situation the officers encountered, they were justified in restraining the defendant and searching him for weapons (see People v Allen, 73 NY2d 378, 380 [1989]; People v Crawford, 110 AD3d 916 [2013]). Upon determining that the defendant possessed a gravity knife, the officers possessed probable cause to arrest the defendant (see People v De Bour, 40 NY2d 210, 223 [1976]; People v Neal, 79 AD3d 523 [2010]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence as the product of an unlawful arrest.

The trial court's exercise of its discretion in limiting the testimony of a proposed expert on the subject of the manufacture, purpose, and availability of the type of knife which the defendant possessed did not limit his ability to present a

defense (*see People v Herbin*, 86 AD3d 446, 446-447 [2011]; *People v Best*, 57 AD3d 279 [2008]).

Contrary to the defendant's contention, the jury verdict finding him guilty of criminal possession of a weapon in the third degree was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Herbin*, 86 AD3d at 446-447; *cf. People v Zuniga*, 303 AD2d 773, 774 [2003]).

The defendant's remaining contentions are without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.