■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBY CABRERA, Appellant. [22 NYS3d 418]—

Judgment, Supreme Court, New York County (Robert Mandelbaum, J., at suppression hearing; Laura A. Ward, J., at jury trial and sentencing), rendered December 4, 2013, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police saw defendant angrily yelling and cursing at a woman on the street, while aggressively waving bags at her with both hands. This conduct provided the police with a founded suspicion that defendant was engaged, or about to engage, in some type of criminality, consisting at least of disorderly conduct, with a potential for violence (*see generally People v De Bour*, 40 NY2d 210, 223 [1976]). This justified the officer's common-law inquiry as to whether defendant had a weapon, or anything that would be of concern to the officer. Once defendant replied that he had a knife in his back pocket and tried to reach for it, the officer had a reasonable basis to

fear for his safety, and his subsequent seizure of the knife from the location indicated by defendant was a reasonable protective measure (*see People v Terrance*, 101 AD3d 624, 625 [1st Dept 2012], *lv denied* 20 NY3d 1065 [2013]). Defendant did not preserve his claim that the officer's initial direction to put down the bags was a seizure requiring reasonable suspicion, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see e.g. People v Francois*, 61 AD3d 524, 525 [1st Dept 2009], *affd* 14 NY3d 732 [2010]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). The People proved the operability, within the meaning of the statute, of defendant's gravity knife. The officer described how he opened the knife, and demonstrated its operability in court (*see People v Birth*, 49 AD3d 290 [1st Dept 2008], *lv denied* 10 NY3d 859 [2008]). The fact that the officer needed to make several attempts before the knife opened did not undermine a finding of operability (*see People v Smith*, 309 AD2d 608 [1st Dept 2003], *lv denied* 1 NY3d 580 [2003]).

The court properly exercised its discretion in denying defendant's mistrial motion, made when the prosecutor made a remark during jury selection regarding defendant's absence from the courtroom. The court's curative actions were sufficient (*see People v Santiago*, 52 NY2d 865 [1981]), and in any event the prosecutor's comment was not particularly prejudicial, because it was similar to an instruction that the court had already given on the subject of defendant's absence from the trial.

The court properly exercised its discretion in precluding defendant's accident reconstruction expert from testifying about the laws of motion and different kinds of forces that operate on objects, offered to assist the jury in determining whether the officer's flicking of the wrist constituted the application of either gravity or centrifugal force. The proposed testimony was unnecessary and potentially confusing (*see People v Herbin*, 86 AD3d 446, 447 [1st Dept 2011], *lv denied* 17 NY3d 859 [2011]).

The excluded testimony was similar to the testimony properly excluded in *Herbin*, and defendant's argument to the contrary is unavailing.

Defendant's challenge to the court's instruction on the knowledge element is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see People v Parrilla*, 112 AD3d 517 [1st Dept 2013], *lv granted* 26 NY3d 933 [2015]). Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.