This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 99
The People &c.,
           Respondent,
         v.
Elliot Parrilla,
           Appellant.




           Robert S. Dean, for appellant.
           Andrew E. Seewald, for respondent.




GARCIA, J.:

           It is not disputed that defendant Elliot Parrilla

possessed a folding utility knife at the time of his arrest.  He

asserts, however, that he was unaware that the knife's

characteristics rendered it a gravity knife and that the People

were required to prove such knowledge to establish an element of

- 1 -

the crime of which he was convicted -- criminal possession of a weapon in the third degree.  We reject defendant's argument and hold, based upon the statutory language, that the mens rea prescribed by the Legislature for criminal possession of a gravity knife simply requires a defendant's knowing possession of a knife, not knowledge that the knife meets the statutory definition of a gravity knife.

In February 2011, police officers stopped defendant for a traffic infraction.  An officer patted him down for weapons at which time defendant admitted that he had a knife in his pocket.  One of the officers tested the knife to determine whether it was a gravity knife by flicking his wrist with a downward motion; the blade opened and locked into place.  Defendant was arrested and charged with third degree criminal possession of a weapon, namely a gravity knife.

At trial, defendant testified that he bought the knife at a large retail store in the Bronx in 2009.[1]  According to defendant's testimony, he worked as a tradesman and used the tool to cut sheet rock.  Defendant testified that, on the day of his arrest, he used the knife to cut tiles during a home renovation project.  Defendant stated that he opened the knife with two hands and never opened it with one hand by flicking his wrist.

Over defendant's objection, the trial court charged the

---

[1]  In 2010, following an agreement with the New York County District Attorney's Office, the retail store stopped selling similar knives in New York.

jury as follows:

> "A person knowingly possesses a gravity knife
> when that person is aware that he is in
> possession of a knife.  A person does not
> have to know that the knife is specifically a
> gravity knife or that it fits the legal
> description of a gravity knife in order to
> knowingly possess it.  The People are only
> required to prove that the defendant, with
> respect to the knowledge element, knowingly
> possessed a knife."

The charge also required the jury to find that the knife

defendant possessed did in fact meet the statutory definition of

a gravity knife.  Defendant was found guilty of criminal

possession of a weapon in the third degree and the court imposed

a sentence of 2½ to 5 years imprisonment.

On defendant's appeal, the Appellate Division

unanimously affirmed, holding that the trial court "properly

instructed the jury that the knowledge element would be satisfied

by proof establishing defendant's knowledge that he possessed a

knife in general, and did not require proof of defendant's

knowledge that the knife met the statutory definition of a

gravity knife" (112 AD3d 517, 517 [1st Dept 2013]).  A Judge of

this Court granted defendant leave to appeal (26 NY3d 933

[2015]), and we affirm.

Penal Law § 265.01 (1) states that a "person is guilty

of criminal possession of a weapon in the fourth degree when:

. . . [h]e or she possesses any . . . gravity knife."  Section

265.00 (5) defines "'[g]ravity knife'" as "any knife which has a

blade which is released from the handle or sheath thereof by the

force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device."  The crime is defined as a class A misdemeanor.[2]

"The Penal Law identifies gravity knives as per se weapons and criminalizes the mere possession of one" (People v Brannon, 16 NY3d 596, 599 [2011]).  In other words, section 265.01 (1) "criminalizes the mere possession, and not use, of a gravity knife" (id. at 602).

It is undisputed that to be convicted of criminal possession of a weapon for possessing a gravity knife under Penal Law § 265.01 (1), defendants must know that they possessed a knife.  Indeed, "the corpus delicti of weapons possession under Penal Law § 265.01 (1) is the voluntary, aware act of the possession of a weapon" (People v Saunders, 85 NY2d 339, 341-342 [1995]; see CJI2d[NY] Penal Law § 265.01 [1] & n 2 [recognizing that knowing possession of a knife is required]).  Defendant contends that his knowledge had to go one step further; he argues that the People were required to establish that he knew that the knife met the statutory definition of a gravity knife.

_____

[2]  Here, defendant was convicted of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1), which states:  "A person is guilty of criminal possession of a weapon in the third degree when: . . . [s]uch person commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one . . . of section 265.01, and has been previously convicted of any crime."  Defendant had a prior criminal conviction, making his conviction a class D felony.

We disagree and conclude that Penal Law § 265.01 (1) does not require the People to prove that defendants knew that the knife in their possession met the statutory definition of a gravity knife.  The plain language of that subdivision demonstrates that the Legislature intended to impose strict liability to the extent that defendants need only be aware of their physical possession of the knife (see Penal Law §§ 15.00 [2]; 15.10).  While knowing possession of the knife is required (see Penal Law § 15.15 [2]), we conclude it is not necessary that defendants know that the knife meets the technical definition of a gravity knife under Penal Law § 265.00 (5).

A line of Appellate Division cases supports our conclusion.  In People v Berrier, the defendant was convicted of, among other crimes, criminal possession of a weapon in the third degree (see 223 AD2d 456, 457 [1st Dept 1996], lv denied 88 NY2d 876 [1996]).  The First Department held that

> "[t]he trial court correctly charged that in
> order to convict [the] defendant of
> possessing a gravity knife, the prosecution
> had to prove that [the] defendant knew he had
> a knife in his possession, not that he knew
> it was specifically a gravity knife, and that
> the knife fit the legal description of a
> gravity knife under Penal Law § 265.00 (5)"

(id.).  The court continued:  "Knowledge that the thing possessed answers the description of one of the prohibited instruments is not an element of third-degree criminal possession of a weapon" (id.; see e.g. People v Herbin, 86 AD3d 446, 447 [1st Dept 2011], lv denied 17 NY3d 859 [2011]).

Our determination also is consistent with cases concluding that defendants' knowledge of a firearm's operability is not an element of criminal possession of a weapon. Defendants need only knowingly possess a firearm, they need not know that the firearm was loaded or operable (see Saunders, 85 NY2d at 341-342; People v Brown, 107 AD3d 1477, 1478 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]; People v Melendez, 71 AD3d 1166, 1167 [2d Dept 2010], lv denied 15 NY3d 753 [2010]).

Defendant's second issue on appeal is without merit. During jury deliberations, a juror sent a note to the court stating:  "I am concerned one of the locations mentioned in the witnesses' testimony may affect my judgment in this case due to the proximity to where I live."  Thereafter, the trial court interviewed the juror twice.  The record supports the conclusion that the juror did not possess a state of mind that would have prevented her from rendering an impartial verdict and, therefore, was not grossly unqualified (see CPL 270.35 [1]; People v Mejias, 21 NY3d 73, 79 [2013]).  Defendant's alternative argument that the trial court failed to engage in a probing and tactful inquiry of the juror is unpreserved (see People v Hicks, 6 NY3d 737, 739 [2005]).

Accordingly, the Appellate Division order should be affirmed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed.  Opinion by Judge Garcia.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.


Decided May 3, 2016