People v Vanderpool (2018 NY Slip Op 00319)





People v Vanderpool


2018 NY Slip Op 00319


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-07151
 (Ind. No. 10092/15)

[*1]The People of the State of New York, respondent,
v
Kevin D. Vanderpool, appellant.


Troy A. Smith, White Plains, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Ryan Dolan on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered July 5, 2016, convicting him of criminal possession of a controlled substance in the fifth degree, criminal possession of a weapon in the fourth degree, and unlawful possession of marijuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Steven W. Paynter, J.), after a hearing (Thomas A. Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50(5).
After a hearing, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The credible evidence at the hearing established that police officers properly stopped the vehicle in which the defendant was riding based on an apparent violation of Vehicle and Traffic Law § 375(12-a)(b) (see People v Estrella, 10 NY3d 945, 946; People v McKane, 267 AD2d 253; People v Edwards, 222 AD2d 603, 604). The officers then directed the vehicle's occupants to lower all of the vehicle's windows, and all of the windows were lowered. As one of the officers approached the passenger's side of the vehicle and pointed a flashlight inside, he observed a gravity knife on the front passenger floor in front of the defendant's feet. This observation gave the officers the authority to seize the knife (see People v Brown, 96 NY2d 80, 88-89), and provided them with probable cause to arrest the defendant (see People v Smith, 125 AD3d 897, 898). During a valid search incident to the defendant's arrest, the officers properly seized $1,636, 12 bags of cocaine, and a bag of marijuana from the defendant's person (see Chimel v California, 395 US 752, 762-763; People v Evans, 43 NY2d 160, 165).
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court