The People of the State of New York, Respondent,
against
Luke Dietz, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered March 27, 2014, convicting him, after a nonjury trial, of attempted criminal possession of a weapon in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered March 27, 2014, affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]), which established that the knife recovered from defendant conformed to the statutory definition of a gravity knife (see Penal Law § 265.00[5]). A police officer both described and demonstrated in court that he could open the knife by using centrifugal force, created by flicking his wrist, and the blade automatically locked in place after being released (see People v Sans, 26 NY3d 13 [2015]; People v Neal, 79 AD3d 523, 524 [2010], lv denied 16 NY3d 799 [2011]; People v Birth, 49 AD3d 290 [2008], lv denied 10 NY3d 859 [2008]). Although defendant's expert testified that the knife could be opened by pressing a "thumb stud" and that "momentum" could cause the blade to open, he also testified that the blade could be released and locked into place by a flick of the wrist, which satisfies the definition of a gravity knife (see People v Herbin, 86 AD3d 446 [2011], lv denied 17 NY3d 859 [2011]; People v Neal, 79 AD3d at 524).
Defendant's challenge to the statutory prohibition of possession of a gravity knife (see Penal Law §§ 265.00[5] and 265.01[1]) as unconstitutionally vague is unpreserved and without merit (see People v Giles, 99 AD3d 610 [2012], lv denied 20 NY3d 1061 [2013]; People v Herbin, 86 AD3d at 447).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 18, 2019