People v Sauri (2019 NY Slip Op 02359)





People v Sauri


2019 NY Slip Op 02359


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-02875
 (Ind. No. 1023/16)

[*1]The People of the State of New York, respondent,
v
Cristo A. Sauri, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and John S. MacGregor of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered February 27, 2017, convicting him of criminal possession of a weapon in the third degree and failing to signal, upon a jury verdict, and imposing sentence. By decision and order on motion dated April 10, 2018, this Court, inter alia, granted the defendant's motion for a stay of execution of the judgment pending hearing and determination of the appeal.
ORDERED that the judgment is modified, on the facts, by vacating the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50(5).
The defendant was convicted, after a jury trial, inter alia, of criminal possession of a weapon in the third degree (hereinafter the weapon charge) (see Penal Law § 265.02[1]) for possessing what was alleged to be a "[g]ravity knife" (Penal Law § 265.00[5]). On appeal, the defendant contends that the evidence was legally insufficient to establish that the knife was a gravity knife and that the jury's finding of guilt on the weapon charge was against the weight of the evidence.
Penal Law § 265.00(5) defines a "[g]ravity knife" as a "knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device." "[A] gravity knife, as so defined, requires that the blade lock in place automatically upon its release and without further action by the user" (People v Zuniga, 303 AD2d 773, 774).
The defendant did not preserve for appellate review his contention that the evidence as to the weapon charge is legally insufficient on the ground that the People did not prove that the blade of the knife that he possessed, "when released, is locked in place by means of a button, spring, lever or other device" (Penal Law § 265.00[5]; see generally People v Hawkins, 11 NY3d 484, 492-493). Nevertheless, upon request, we must review the record as, in effect, a "second jury" (People v Delamota, 18 NY3d 107, 117; see People v Kancharla, 23 NY3d 294, 302-303; People v Romero, 7 NY3d 633, 644 n 2; cf. People v Danielson, 9 NY3d 342, 348) to determine whether the verdict [*2]was against the weight of the evidence (see CPL 470.15[5]; People v Andujar, 166 AD3d 893). A necessary part of that review is an evaluation of whether the evidence introduced at trial proved all of the elements of the charged crime (see People v Danielson, 9 NY3d at 349; People v Marsden, 130 AD3d 945, 947; People v Heatley, 116 AD3d 23, 27).
The record before us does not establish that the defendant's knife was a gravity knife. Although an officer demonstrated the operation of the knife at trial, the record contains "no contemporaneous description of what the jury saw" during that demonstration (People v McKinnon, 15 NY3d 311, 316). Further, there is no other evidence in the record that established whether or how the blade locked. In short, the People failed to create a record proving that the knife satisfied the statutory definition of a gravity knife (see id. at 316). Thus, the weight of the evidence before us does not support a finding that the defendant's knife was, in fact, a gravity knife (see Penal Law § 265.00[5]; see e.g. People v Alvarez, 76 AD3d 1098, 1098-1099, revd on other grounds, 20 NY3d 75; People v Zuniga, 303 AD2d at 774; People v Mashaw, 66 AD2d 955; People v Dolson, 142 Misc 2d 779 [County Ct, Onondaga County]; cf. People v Neal, 79 AD3d 523, 524). Accordingly, we vacate the conviction of criminal possession of a weapon in the third degree, vacate the sentence imposed thereon, and dismiss that count of the indictment (see CPL 470.20[5]).
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court