Barnes v. NYPD Police Officer Joseph Carolan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty.

Present:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

EDWARD BARNES,

> *Plaintiff-Appellant*,

> **v.**                                                                                   19-2489

NYPD POLICE OFFICER JOSEPH CAROLAN, TAX #953730, NYPD POLICE OFFICER JOSEPH FRATTO, TAX #953882,

> *Defendants-Appellees*,

JOHN DOE #1, A POLICE OFFICER FROM NYPD, JOHN DOE #2, A POLICE OFFICER FROM NYPD, JOHN DOE #3, A POLICE OFFICER FROM NYPD, THE CITY OF NEW YORK,

> *Defendants*.

_____

Appearing for Appellant:                    EDWARD BARNES, pro se, New York, N.Y.

Appearing for Appellees:                    NWAMAKA EJEBE, Assistant Corporation Counsel (Melanie Tharamangalam West, *on the brief*), *for* James E. Johnson, Corporation Counsel for the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*; Pitman, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Appellant Edward Barnes, proceeding pro se, appeals the district court's decision granting summary judgment to defendants, officers Joseph Carolan and Joseph Fratto. Barnes sued the defendants under 42 U.S.C. § 1983, claiming that they violated his Fourth Amendment rights when they stopped and searched him, and arrested him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Summary judgment in favor of defendants was proper because the undisputed facts showed that the defendants had arguable probable cause to search and arrest Barnes. *See Lanning v. City of Glens Falls*, 908 F.3d 19, 24 n.4 (2d Cir. 2018) ("[W]e may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." (alteration and internal quotation marks omitted)).

Probable cause exists for an open container violation based on the officer's observation that a suspect was holding a partially concealed bottle or can. *See, e.g., People v. Bothwell*, 261 A.D.2d 232, 234 (1st Dep't 1999) (holding that officer had probable cause to believe suspect violated open container law because the officer was trained "to police quality of life offenses [and] observed defendant, engaged in conversation, holding in front of him a partially concealed open bottle resembling a beer bottle"); *cf. United States v. Singletary*, 798 F.3d 55, 63 (2d Cir. 2015) (holding that officer had reasonable suspicion to conduct an investigatory stop where the suspect was "carrying a beer-sized can wrapped in a brown paper bag" while walking down the street).

2

Because the defendants had at least arguable probable cause to arrest Barnes for an open container violation, the search was also lawful. A search incident to arrest is lawful where the officer reasonably believed he had probable cause, regardless of whether the officer actually intended to arrest the suspect (or simply issue a ticket or violation) prior to the search. *See United States v. Diaz*, 854 F.3d 197, 205–09 (2d Cir. 2017).

Finally, the defendants also had arguable probable cause to arrest Barnes for possession of the knife, despite Barnes's argument that the knife was a utility knife. Because the undisputed facts showed that the knife flicked open, the officers reasonably believed the knife to be a gravity knife. *See People v. Herbin*, 86 A.D.3d 446, 446 (1st Dep't 2011) (holding that the definition of a gravity knife was met where "officers release[d] the blade simply by flicking the knife with their wrists").

We have considered the remainder of Barnes's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3