People v Maldonado (2022 NY Slip Op 50262(U))

[*1]

People v Maldonado (Luis)

2022 NY Slip Op 50262(U) [74 Misc 3d 133(A)]

Decided on April 13, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 13, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Tisch, JJ.

570645/16

The People of the State of New York,
Respondent,
against
Luis Maldonado, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered September 8, 2016, after a nonjury trial,
convicting him of attempted criminal possession of a weapon in the fourth degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered September 8, 2016,
affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing
the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]).
The officer's initial observation of defendant on a public sidewalk with a "black metal clip"
protruding from his right pants pocket that was "about three inches long," provided, at least, a
founded suspicion of criminal activity permitting the officer to approach to conduct a common
law inquiry of defendant (see People v De Bour, 40 NY2d 210, 220 [1976]; People v Best, 57 AD3d 279
[2008], lv denied 12 NY3d 756 [2009]). As the officer approached defendant, he
observed "the top of the blade" which had a "little lever," which he recognized as a switchblade.
In the circumstances, the officer was permitted to remove the knife from defendant's pocket and,
after testing the knife and determining that it was, in fact, a switchblade, to arrest defendant
(see People v Miranda, 19 NY3d 912 [2012]; People v Prude, 166 AD3d 411 [2018], lv denied 32 NY3d
1128 [2018]; People v Cameron,
122 AD3d 472 [2014], lv denied 26 NY3d 965 [2015]).
The court also properly denied defendant's motion to suppress his statement that the knife
was used for construction. Defendant was not under arrest or handcuffed when he made the
statement, the police did not have their guns drawn and did not otherwise create a coercive or
police-dominated atmosphere (see Matter of Kwok T., 43 NY2d 213, 219 [1977]; People v Clarke, 157 AD3d 616
[2018], lv denied 31 NY3d 1080 [2018]). 
The verdict was supported by legally sufficient evidence and was not against the weight of
the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence
presented at trial by the People, which included the officer's testimony and his demonstration of
the operability of the knife, was sufficient to support the factfinder's conclusion that the knife met
the statutory definition of a switchblade (see Penal Law § 265.00[4]; People v
Berrezueta, 31 NY3d 1091 [2018]; People v Parrilla, 112 AD3d 517 [2013], affd 27 NY3d 400
[2016]). All [*2]concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: April 13, 2022