This opinion is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 133
The People &c.,
          Respondent,
        v.
Antonio Aragon,
          Appellant.

Harold V. Ferguson, Jr., for appellant.
Philip Morrow, for respondent.

ABDUS-SALAAM, J.:

This appeal presents the issue of whether the accusatory instrument alleging that defendant unlawfully possessed "brass metal knuckles" was facially sufficient.  We agree with the Appellate Term that the accusatory instrument is facially sufficient.

- 1 -

Penal Law § 265.01 (1) lists a number of per se weapons, the mere possession of which renders a person guilty of criminal possession of a weapon in the fourth degree. The relevant weapon here, metal knuckles, is included in that list. Defendant was charged with violating Penal Law § 265.01 (1). In particular, the accusatory instrument stated that the police officer who stopped him "recovered one set of brass metal knuckles from defendant's right pocket." Defendant moved to dismiss the complaint on the ground that the accusatory instrument was facially insufficient, contending that it merely asserted an ultimate conclusion without indicating the underlying factual basis for that conclusion or any supporting evidence for it. Criminal Court denied defendant's motion. Defendant then agreed to plead guilty to disorderly conduct, waiving prosecution by information and formal allocution. On appeal, defendant again argued that the accusatory instrument was facially insufficient. The Appellate Term affirmed, holding that the factual allegations in the accusatory instrument were "sufficiently evidentiary in character to establish reasonable cause to believe that defendant was guilty of the charged offense," noting that it provided defendant with "'adequate notice to enable [him] to prepare a defense and invoke his protection against double jeopardy'" (44 Misc 3d 140[A], at *1).

As an initial matter, because defendant waived prosecution by information, the standard applicable to his

challenge to the accusatory instrument is that of a misdemeanor complaint (see CPL 170.65 [3]; People v Dumay, 23 NY3d 518, 522-524 [2004]). Criminal Procedure Law § 100.15 (3) provides that the factual part of a misdemeanor complaint "must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges." The complaint must also "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4] [b]; see People v Dumas, 68 NY2d 729, 731 [1986]). "[A]n accusatory instrument must be given a reasonable, not overly technical reading" (People v Konieczny, 2 NY3d 569, 576 [2004]). Thus, the test for facial sufficiency "is, simply, whether the accusatory instrument failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]).

Several of the per se weapons listed in Penal Law § 265.01 (1) are defined in Penal Law § 265.00; however, the Penal Law provides no definition for "metal knuckles." In such a circumstance, courts should give the term its "usual and commonly understood meaning" (McKinney's Cons Law of NY, Book 1, Statutes § 232; People v Morales, 20 NY3d 240, 247 [2012]). In arriving at the "most natural and obvious meaning" of a term (id.), we have looked to dictionary definitions (see e.g. People v Keyes, 75 NY2d 343, 348 [1990] [referencing the Webster's Dictionary definition of the term "procure" to interpret a Penal Law

provision, where that term was undefined by the statute]).
Black's Law Dictionary does not define "metal knuckles," but does
define "brass knuckles" as "[a] piece of metal designed to fit
over the fingers as a weapon for use in a fistfight" (Black's Law
Dictionary 225 [10th ed 2014], brass knuckles).  In general,
metal knuckles have a common meaning in ordinary American
parlance, which corresponds to the dictionary definition.  In
fact, in People v Persce, this Court stated that along with the
slungshot at issue there, metal knuckles have a "well-understood
character" (204 NY 397 [1912]).  The term "brass knuckles," or
"metal knuckles," describes a metal object with multiple holes,
through which an individual places his or her fingers so that a
metal bar rests atop the individual's knuckles.  That object is
used as a weapon to cause increased pain when the person wearing
it hits someone with a fist.

In support of his claim that the accusatory instrument
was insufficient, defendant points to the use of "brass knuckles"
on jewelry pieces, cell phone cases, luggage tags, and other
novelty items.  That argument, however, is meritless when
considered in the context of facial sufficiency of an instrument
charging an individual with criminal possession of a per se
weapon listed in Penal Law § 265.01 (1).  The items referenced by
defendant are not the type of objects that are punishable as per
se weapons, to the extent that they are not capable of being worn

and used as weapons.[1]

"[A] reasonable, not overly technical reading" of the accusatory instrument here satisfies our sufficiency standard (Konieczny, 2 NY3d at 576), as it supplied "defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Dreyden,15 NY3d at 103).  The accusatory instrument clearly informed defendant that he was in criminal possession of "brass metal knuckles," a per se weapon, in violation of Penal Law § 265.01 (1).  The term "brass metal knuckles" gave defendant a clear description of the object recovered from his pocket at a specific time and place.  Under the common and natural definition of the term, as well as the dictionary definition, defendant was adequately informed of the charge against him.

Finally, citing Dreyden, where we stated that "[a]n arresting officer should, at the very least, explain briefly, with reference to his training and experience, how he or she formed the belief that the object observed in defendant's possession was a" gravity knife (15 NY3d at 204), defendant

---

[1]  In the circumstance where a person is charged in an accusatory instrument with criminal possession of metal knuckles for having jewelry or other novelty items shaped like metal knuckles, and the factual section of the instrument is similar to that here, the issue of whether the item is a per se weapon can be tested at trial or challenged before the court (see e.g. People v Braunhut, 101 Misc 2d 684 [Crim Ct, Queens County 1979]).  Here, however, the only issue before us is sufficiency of the accusatory instrument.

argues that the accusatory instrument here is likewise invalid
because it failed to cite to the officer's training and
experience in identifying brass knuckles.  Dreyden, like our more
recent decision in People v Sans (26 NY3d 13 [2015]), dealt with
a gravity knife, a knife which by its statutory definition must
be opened and remain open in a particular manner for it to be
considered a per se weapon (see CPL 265.00 [5]).  We explained in
Sans that:

> "We do not mandate that an officer recite
> that he or she has training and experience in
> identifying gravity knives or expressly state
> the origin of his or her skills in that area.
> Rather, Dreyden requires that an arresting
> officer explain the basis of his or her
> conclusion that the defendant's knife was a
> gravity knife.  The general principle
> applicable here is that when an allegation
> involves a conclusion drawn by a police
> officer that involves the exercise of
> professional skill or experience, some
> explanation concerning the basis for that
> conclusion must be evident from the
> accusatory instrument"

(Sans, 26 NY3d at 17-18).  We concluded that the accusatory
instrument sufficiently pleaded that the police officer exercised
his expertise by testing the knife and determining that it opened
and locked in the manner proscribed by the statute defining
gravity knife.

In contrast to gravity knives, which are identified as
such based on the way a user opens the device, metal knuckles do
not require a special operating mechanism.  Moreover, the
character of metal knuckles is such that one need only look at

the object to discern whether it is in fact metal knuckles. Thus, the officer here did not have to "exercise . . . professional skill or experience" to conclude defendant possessed metal knuckles (id.), and the accusatory instrument did not require any specific description of the officer's training or experience. Accordingly, the Appellate Term order should be affirmed.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed. Opinion by Judge Abdus-Salaam. Chief Judge DiFiore and Judges Pigott, Rivera, Stein, Fahey and Garcia concur.

Decided November 1, 2016