The People of the State of New York, Respondent, 
against
Steven Berrezueta, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa A. Crane, J.), rendered February 11, 2016, convicting him, after a nonjury trial, of attempted criminal possession of a weapon in the fourth degree and possession of a weapon or dangerous instrument within the Transit Authority, and imposing sentence.




Per Curiam.
Judgment of conviction (Melissa A. Crane, J.), rendered February 11, 2016, affirmed. 
The information was not jurisdictionally defective. Nonhearsay allegations established every element of the charged weapons offenses. The deponent police officer's allegation that he identified the knife recovered from defendant as a switchblade - a per se weapon under Penal Law § 265.01(1) and a "dangerous instrument" under New York City Transit Authority Rule [21 NYCRR] § 1050.8(a) - based upon his "training and experience as a police officer and because, when [he] applied hand pressure to a spring-loaded portion of the blade of the knife protruding from the handle of the knife, the blade swung open automatically," sufficed to show the basis for the officer's conclusion that defendant's knife was a switchblade (see Penal Law § 265.00[4]; People v Sans, 26 NY3d 13, 17-18 [2015]). Although the officer failed to specifically state that the "button, spring or other device [was] in the handle of the knife" (see Penal Law § 265.00[4]), the weapon described possessed general features common to a switchblade so as to give defendant "sufficient notice of the charged crime[s] to satisfy the demands of due process and double jeopardy" (People v Sans, 26 NY3d at 17, quoting People v Dreyden, 15 NY3d 100, 103 [2010]).
The court properly denied defendant's suppression motion. The court's factual findings are supported by a fair interpretation of the arresting officer's testimony. The officer, who had extensive experience with knives, had reasonable suspicion that defendant was carrying a dangerous instrument in the subway in violation of 21 NYCRR 1050.8(a) (see People v Cameron, 122 AD3d 472 [2014], lv denied 26 NY3d 965 [2015]; see also People v Brannon, 16 NY3d 596, 602 [2011]). After removing and testing the knife, and determining that it was, in fact, a switchblade, the officer had probable cause to arrest defendant (People v Cameron, 122 [*2]AD3d at 472).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established the operability of the switchblade at issue (see Penal Law § 265.00[5]). The arresting officer who tested the knife described the manner in which it operated, and also demonstrated its operability in court (see People v Parrilla, 112 AD3d 517 [2013], affd 27 NY3d 400 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: May 12, 2017