People v Wong (2018 NY Slip Op 06786)





People v Wong


2018 NY Slip Op 06786


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


2587/15 7277 7276

[*1]The People of the State of New York, Respondent,
v
Christopher Wong, Defendant-Appellant.


Gotlin & Jaffe, New York (Daniel J. Gotlin of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered January 5, 2017, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of five years, and order (same court and Justice), entered on or about April 26, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant's argument that the evidence was legally insufficient to prove serious physical injury is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was ample medical testimony and other evidence to support the conclusion that the victim's injury, a shattered kneecap, met the definition of serious physical injury (Penal Law § 10.00 [10]), which does not require permanent injury (People v Wilkins, 138 AD3d 581 [1st Dept 2016], lv denied 27 NY3d 1141 [2016]). Among other things, there was evidence that at the time of the trial the victim was still unable to run without pain.
When the jury asked for a definition of the word "protracted" contained in the first-degree assault instruction, the court providently exercised its discretion, and provided a meaningful response, by giving the jury a dictionary definition of the word that conveyed its "usual and commonly understood meaning" (People v Aragon, 28 NY3d 125, 128 [2016]). Moreover, the only alternative response proposed by defendant was addressed to the evidence and was unresponsive to the note.
The court properly denied defendant's CPL 440.10 motion, made on the ground of newly discovered evidence. Even assuming that the medical evidence pertaining to the victim discovered by the defense met the other requirements of CPL 440.10(g), defendant failed to demonstrate any probability that the evidence would probably change the result (see e.g. People v Velazquez, 143 AD3d 126, 131 [1st Dept 2016], lv denied 28 NY3d 1189 [2017][citation omitted]). The medical records at issue do not undermine the conclusion that the victim [*2]sustained serious physical injury, and they actually provide further support for that conclusion. Defendant's argument that the records cast doubt on the victim's credibility regarding the seriousness of his injury is unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK