<partyblock>

The People of the State of New York, Respondent,

against

Herminio Robles, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (David J. Kirschner, J.), rendered June 6, 2017, after a nonjury trial, convicting him of attempted criminal possession of a forged instrument, and imposing sentence.

Per Curiam.

Judgment of conviction (David J. Kirschner, J.), rendered June 6, 2017, affirmed.

After defendant was observed at a specified subway station bending two Metrocards and repeatedly swiping each card through the turnstile, he was arrested and charged with various offenses. The attempted third-degree criminal possession of a forged instrument count of the accusatory instrument (see Penal Law  110/170.20), as supported by nonhearsay allegations which gave defendant sufficient notice of the charged conduct to prepare a defense and avoid double jeopardy, was not jurisdictionally deficient (see People v Aragon, 28 NY3d 125, 128 [2016]). Moreover, the evidence presented at trial by the People, which included the police officer's testimony that defendant was repeatedly bending Metrocards along the magnetic strip in a manner that the officer knew, based on his training and experience, can obliterate the encoded data of the value remaining on the card, and then repeatedly swiped the bent card in an attempt to gain access to the subway without paying the required fare, was sufficient to support the conviction (see People v Mattocks, 12 NY3d 326, 330 [2009]; People v McFarlane, 63 AD3d 634, 635 [2009], lv denied 13 NY3d 837 [2009]; cf. People v Ross, 163 AD3d 428 [2018]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]), including its acceptance of police testimony that defendant was bending the Metrocard in an attempt to gain entry to the subway without paying the fare (see People v Jie Chen, 129 AD3d 548 [2015]). The record further supports the court's finding that defendant's statement - "I was trying to get on the train" - was spontaneous and not the product of custodial interrogation (see People v Acosta, 132 AD3d 466, 466 [2015], lv denied 27 NY3d 990 [2016]).

The People established a sufficient chain of custody, providing reasonable assurances of the identity of the MetroCards and their substantially unchanged condition (see generally People v Julian, 41 NY2d 340 [1977]). Any deficiencies in the chain of custody went to the weight and [*2]not the admissibility of the evidence (see People v White, 40 NY2d 797, 799-800 [1976]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: March 05, 2019

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>