People v McDaniel (2022 NY Slip Op 07301)

People v McDaniel

2022 NY Slip Op 07301

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Ind No. 860/19 Appeal No. 16973 Case No. 2020-01061 

[*1]The People of the State of New York, Respondent,
v
Curtis McDaniel, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Shezza Abboushi Dallal of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered January 14, 2020, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and perjury in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years and 2½ to 5 years, respectively, unanimously affirmed.
The court providently exercised its discretion in admitting testimony that defendant's arrest was based on an I-card indicating that he was wanted for a stabbing, which was admitted "not for its truth, but to provide background information as to how and why the police pursued and confronted defendant" (People v Tosca, 98 NY2d 660, 661 [2002]). In light of the testimonial and video evidence that the police aggressively approached defendant on the street without seeing him engage in any suspicious or illegal behavior, it is not dispositive whether defense counsel raised an issue as to the propriety of the police conduct (see People v Morris, 21 NY3d 588, 599 [2013]). The probative value of this evidence outweighed any prejudicial effect, which was minimized by the court's limiting instructions. Defendant failed to preserve his challenges to the form of the court's Molineux ruling or the adequacy of its limiting instructions, or any constitutional claim, and we decline to review them in the interest of justice (See People v Molineux 168 NY 264 [190]) . As an alternative holding, we reject them on the merits. In any event, any error involving the court's Molineux ruling was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 242 [1975]). Among other things, the evidence amply established that defendant possessed plastic knuckles (see Penal Law § 265.01[1]; People v Aragon, 28 NY3d 125, 128 [2016]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Therefore, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
We have considered the argument raised in defendant's pro se supplemental brief, and reject it on the merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022