People v Ali A. (2025 NY Slip Op 25237)

[*1]

People v Ali A.

2025 NY Slip Op 25237

Decided on October 29, 2025

Criminal Court Of The City Of New York, New York County

Morales, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 29, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
Ali A., Defendant.

Docket No. CR-018210-25NY

The defendant was represented by The Legal Aid Society, Kenneth Ives, Esq.; for the People, Lucy Shephard, Assistant District Attorney.

Valentina M. Morales, J.

Ali A., hereinafter "defendant," is charged by complaint with one count of Identity Theft in the Third Degree (Penal Law § 190.78 [1]), a class A misdemeanor.[FN1]
 Defendant appeared before this court, in the alternative to incarceration misdemeanor (ATI-M) part, on September 29, 2025, and again on October 6, 2025. On both occasions, the court informed the People that it would not accept a plea on an accusatory instrument wherein the identity of the aggrieved party is secret and known only to the prosecution. Taking the position that they never need to name the aggrieved party in a misdemeanor complaint, unless by their own grace, the People have refused to provide the identity of the complainant to the defense and to the court — even under protective seal as repeatedly offered here. On October 6, 2025, this court ruled from the bench that the instant complaint is jurisdictionally defective and therefore fails to confer upon the court the requisite power to take a plea. For clarity and a full record, it now memorializes its ruling and reasoning.
Of note, the People indicated on the record their intention to reinstate the felony charges and seek an indictment from the grand jury. This court has cautioned the People — and now does so again — that insofar as the identity of the aggrieved party is clearly subject to CPL 245 disclosure, any such attempt is tantamount to the illegal practice of conditioning a plea on the waiver of discovery (CPL 245.75).
 Discussion
The People argue that they need not name the aggrieved party because they can proceed [*2]on a complaint when a defendant waives prosecution by information. However, this argument fails to consider the concerns of this court. The People cite People v Black, 270 AD2d 563 (3d Dept 2000), as authority for their position, despite the fact that Black differs from the instant case in two crucial ways: 1) in Black the challenged felony complaint was "followed and superseded by a valid Grand Jury indictment on which defendant was prosecuted and to which he pleaded guilty" (id. at 564), and 2) in Black there is no indication whatsoever that the identity of the complainant was deliberately and repeatedly withheld by the People. The Black court holds that a felony complaint can contain hearsay where it is later superseded by indictment, and this court does not disagree.[FN2]

Nor is this court persuaded that the People's other cited authority, People v Willis, 44 NY3d 14 (2025), supports their position. Willis, bearing no factual resemblance to the instant case, reiterates the well-settled principle that a facially sufficient misdemeanor complaint "need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (44 NY3d at 22, quoting People v Dumay, 23 NY3d 518, 522 [2014]). Notably, the Willis court also reiterated the equally well-settled principle that misdemeanor complaints must provide "notice sufficient to prepare a defense and [be] adequately detailed to prevent a defendant from being tried twice for the same offense" (44 NY3d at 21, quoting People v Konieczny, 2 NY3d 569, 575 [2004]). Those two criteria are missing from the instant complaint.
It cannot be said here, as it was in Willis, that the defendant "knew from the complaint[] what [he was] accused of doing and where, when, and how [he] allegedly did it." (44 NY3d at 21.) Absent a way to identify the target of the crime — even anonymously — there is no way the complaint can provide adequate notice or ensure against double jeopardy. In People v Dumas, 68 NY2d 729 (1986), for example, the otherwise insufficient misdemeanor complaint identified the undercover officer by a number specific only to that officer, ensuring that, at a later date, there would be no question as to the identity of that individual, and providing the court a mechanism to ensure that no defendant would be tried twice for the same offense. The need for specificity is particularly evident when the charge is identity theft, where it is practically axiomatic to say that the identity of the victim is an essential fact of the crime:
A person is guilty of identity theft in the third degree when such person knowingly and with intent to defraud assumes the identity of another person by presenting themself as that other person, or by acting as that other person or by using personal identifying information of that other person, and thereby: (1) obtains goods, money, property or services or uses credit in the name of such other person or causes financial loss to such person or to another person or persons[.]
(Penal Law § 190.78 [1], emphasis added.)
The defense has a right to this information, as does the court and the public. Open courtrooms and transparent prosecutions are hallmarks of a free society. Where true safety concerns are present — and on the People's instant record, they are not present here — mechanisms [*3]exist to protect sensitive information in a way that does not compromise the integrity of the courts. The prosecution here has declined this court's offer to name the aggrieved party under seal. Such refusal in fact undermines the People's alleged concerns for the complainant's safety; the individual allegedly harmed here would be afforded more robust privacy protection with court-ordered sealing than without.
Similarly without logic are the factual positions the People took at the October 6, 2025 appearance, first claiming that safety demanded secrecy ("[T]he nature of the crime weighs strongly against us revealing the name of our informant, as this is a crime of identity theft, and revealing the name of the informant subjects them to further potential harm. This informant's credit card and other personal identifying information was stolen, and used by the defendant in this case." [Tr at 3, lines 8-14]) — then claiming there was no secrecy ("Your Honor stated that the government is the only entity that knows the complainant, and that there's not been notice to the defendant of the complainant. This is a credit card theft case, the defendant knows the complainant's name." [Tr at 14, lines 9-13]). Such a position is not only logically inconsistent, it employs the constitutionally infirm "he knows what he did" method of double secret prosecution. The People are reminded that the sufficiency of the complaint is confined to its four corners, and that one function of a facially sufficient complaint is to show the court there is reasonable cause to proceed. "The misdemeanor complaint is designed to provide the court with sufficient facts for the court to determine whether the defendant should be held for further action." (Dumas, 68 NY2d at 731, emphasis added.)
When considering the role of the bench, this court is mindful of the test set forth in People v Dreyden, 15 NY3d 100, 103 (2010) (quoting People v Hansen, 95 NY2d 227, 231 [2000] and citing People v Casey, 95 NY2d 354, 366 [2000] and People v Kalin, 12 NY3d 225, 231-232 [2009], emphasis added):
The distinction between jurisdictional and nonjurisdictional defects 'is between defects implicating the integrity of the process ... and less fundamental flaws, such as evidentiary or technical matters' [...] The test is, simply, whether the accusatory instrument failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy.
There, the defendant waived his right to prosecution by information and pled guilty — yet the Court of Appeals ruled the misdemeanor complaint jurisdictionally defective because it was conclusory and therefore failed to give the court sufficient basis to find reasonable cause that a crime had been committed. Here, where the People refuse to provide the name of the person allegedly harmed, this court reaches the same conclusion — that the court lacks sufficient basis to find reasonable cause that a crime has been committed. The very integrity of this process is compromised if the prosecution has kept such information from the court. 
Finally, the court is troubled that such secrecy seems to be deployed on the mere preference of one special complainant. Directly asked by this court whether this is their policy for "every single case of identity theft" (tr at 14, lines 17-19), the People did not answer. Indeed, the only record made by the People in support of secrecy, aside from the "safety" concerns quoted above, was that the "informant had also told us that they do not want their name being provided to The Court and becoming part of the record." (Tr at 3, lines 15-16.) As such, the People's stated plan to secure an indictment is at odds with their other stated plan to offer this complainant full anonymity. It is strikes this court that the People may have mistaken the secrecy granted by convening a grand jury; the limited secrecy is intended to protect the grand jury [*4]process itself, not to afford unconditional anonymity to the complaining witness. (See People v Di Napoli, 27 NY2d 229 [1970].) Regardless, the choice made the People made here frankly astonishes this court. On the whim of one complainant (a whim which itself remains wholly secret), and having made no cognizable showing of danger, the People choose to compromise the integrity of the judicial process, deprive the public of its right to open criminal proceedings, unlawfully condition a plea on the waiver of discovery, and prosecute this matter as a felony despite a previous offer to replead to a violation. 
As this court stated on the record, it believes that no appellate court has squarely addressed this question, namely whether reasonable cause, due process, and the protection against double jeopardy are satisfied when the government refuses to divulge the name of a complainant-informant, such that no accessible record will ever be made as to the identity of this individual.
The foregoing constitutes the opinion, decision, and order of the court.
DATED: October 29, 2025
New York, New York
Valentina M. Morales, A.J.S.C.

Footnotes

Footnote 1: The complaint as originally filed also included one count each of the class E felonies Grand Larceny in the Fourth Degree (Penal Law § 155.30 [4]) and Criminal Possession of Stolen Property in the Fourth Degree (Penal Law § 165.45 [2]). On September 29, 2025, the People moved to reduce to a misdemeanor for purposes of disposition, and the matter was sent forthwith to this court for programming in lieu of a carceral sentence.

Footnote 2: In fact, it is the grand jury process that would cure the kind of defect present in the instant complaint. The grand jury process creates a sealed record, which if needed can be lawfully accessed by court order under highly specific circumstances. For misdemeanor complaints, no such process exists, but deficient complaints are cured by supporting deposition or superseding information — which the People refuse to do here.