People v Dukes (2025 NY Slip Op 51997(U))

[*1]

People v Dukes (Carl)

2025 NY Slip Op 51997(U)

Decided on December 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

570705/19

The People of the State of New York, Respondent, 
against
Carl Dukes, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Shari Ruth Michels, J. at plea; Tara A. Collins, J., at sentencing), rendered October 11, 2019, convicting him, upon a plea of guilty, of criminal trespass in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Shari Ruth Michels, J. at plea; Tara A. Collins, J., at sentencing), rendered October 11, 2019, affirmed.
The accusatory instrument charging criminal trespass in the second degree (see Penal Law § 140.15), assessed under the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015]), was jurisdictionally valid. The instrument recited that a police officer was informed by complainant that when he left 917 223rd Street, "his place of residence," at 9:00 a.m., "his front door was securely locked [and] all his belongings were inside"; that when he returned later, the front door was broken and its lock was inoperable; and that a television, home theater system, radio, and a speaker were missing from the apartment. The officer further alleged that fingerprints recovered from a television stand and a speaker matched defendant's, which were on file with the police department, and that complainant was the "lawful custodian" of the apartment and the "lawful owner" of the missing property, and that defendant did not have permission or authority to enter or remain in the apartment or take, remove or exercise control over the missing property. Assuming these allegations to be true, they addressed each element of Penal Law § 140.15 (1), and provided reasonable cause to believe that defendant "knowingly enter[ed] or remain[ed] unlawfully in a dwelling" (id.; see generally People v Matthew P., 26 NY3d 332, 335-336 [2015]). That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry (see People v Deegan, 69 NY2d 976, 979 [1987]).
Since the accusatory instrument was jurisdictionally valid with respect to the offense to which defendant pleaded guilty, he is not aggrieved by any alleged defects in the other charged offenses (see People v Willis, 44 NY3d 14, 24 [2025]; People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 15, 2025