People v Diomande (2026 NY Slip Op 50032(U))

[*1]

People v Diomande (Mamadi)

2026 NY Slip Op 50032(U)

Decided on January 15, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 15, 2026

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570704/19

The People of the State of New York, Respondent,

against

Mamadi Diomande, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Ethan Greenberg, J.), rendered October 12, 2019, convicting him, upon a plea of guilty, of aggravated unlicensed driving in the third degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Ethan Greenberg, J.), rendered October 12, 2019, affirmed.

Since defendant waived his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of third-degree aggravated unlicensed driving (see Vehicle and Traffic Law § 511 [1] [a]). The instrument recited, among other things, that defendant was observed operating a motor vehicle, and that a computer check run by the officer of the records of the Department of Motor Vehicles ("DMV") showed that defendant's license to operate a motor vehicle "was suspended or revoked in that defendant had in effect at least three or more suspensions on at least three or more dates for failure to answer, appear or pay a fine." The officer believed defendant "knew or had reason to know that his license was suspended or revoked" because the DMV records "revealed that defendant's license was suspended for failure to answer a traffic summons" and that all such summonses have printed on them "'[i]f you do not answer this ticket by mail within fifteen days, your license will be suspended' [and that] the suspension occurs automatically (by computer) within four weeks of the defendant's failure to answer." The instrument further recited that the DMV records indicated that defendant's license was "suspended for failure to pay several fines, and that there are a total of 26 scoffs on the defendant's license (22 on 14 dates)." These factual allegations were sufficient for pleading purposes to establish reasonable cause to believe that defendant knew, or [*2]had reason to know, that his license was suspended (see Vehicle and Traffic Law § 511 [1] [a]; People v Willis, 44 NY3d 14 [2025]; People v Compres, 59 Misc 3d 140[A], 2018 NY Slip Op 50617[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 1115 [2018]; People v Maldonado, 42 Misc 3d 81, 85 [App Term, 2d Dept, 11th & 13th Jud Dists 2013]).

We agree with defendant that the plea allocution was deficient, since the court failed to address any of the constitutional rights defendant was waiving (see People v Conceicao, 26 NY3d 375, 383-385 [2015]; People v Tyrell, 22 NY3d 359, 365-366 [2013]). However, the only relief defendant requests is dismissal of the accusatory instrument, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by reinstating the misdemeanor complaint (see People v Conceicao, 26 NY3d at 385 n 1; People v Teron, 139 AD3d 450 [2016]), dismissal is not warranted, and therefore, we affirm.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: January 15, 2026