People v Greer

2026 NY Slip Op 50748(U)

May 18, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Criminal Trespass--Facial Sufficiency of Accusatory Instrument

The People of the State of New York, Respondent,

v

Tyler Greer, Defendant-Appellant.

Supreme Court, Appellate Term, First Department

Decided on May 18, 2026

570008/23

Present: James, P.J., Brigantti, Perez, JJ.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Giyang An, J.), rendered September 30, 2022, convicting him, upon a plea of guilty, of criminal trespass in the third degree, and imposing sentence.

[*1]

Per Curiam.

Judgment of conviction (Giyang An, J.), rendered September 30, 2022, affirmed.

Since defendant waived his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal trespass in the third degree (see Penal Law § 140.10 [a]). The complaint, which first recites facts concerning the manner of defendant's operation of an automobile that are relevant to the other charged offenses, alleges that defendant entered into an "enclosed area" through a "rear gate," and that the area is "enclosed as an exit in a manner that said exit is gated, designed to exclude those who are not allowed to enter." These allegations, though "inartfully drawn" (People v Jackson, 46 NY2d 721, 723 [1978]), were sufficient for pleading purposes to provide reasonable cause to believe that defendant knowingly entered upon property "which is fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10 [a]). The knowledge element of the offense is reasonably inferred from allegations that defendant entered the enclosed or gated area through an exit.

Defendant knew from the complaint what he was accused of doing and where, when, and how he allegedly did it, and based on the complaint's allegations, he could assess what defenses were available to him (see People v Willis, 44 NY3d 14, 21 [2025]).

We also note that even if the trespass charge at issue was defective, a penological purpose would be served by remanding the matter to Criminal Court for further proceedings on the [*2]remaining charges, including aggravated unlicensed operation of a motor vehicle and reckless driving (see People v Conceicao, 26 NY3d 375, 385 n [2015]; see also People v Burgess, __ NY3d __, 2026 WL 1096311, 2026 NY LEXIS 557 [April 23, 2026, No. 35, Halligan, J.]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 18, 2026